PEOPLE *v.* ANGLE.

CRIMINAL LAW—TRIAL—APPEAL AND ERROR.

Respondent, charged with a violation of Act No. 237, Pub. Acts 1899, did not have a proper trial, and his conviction could not be reviewed on error upon a verdict of guilty, directed at the close of the evidence of the people, as requested by respondent and the prosecuting attorney, for the purpose of having this court pass on certain questions; the action of the court constituted a mistrial.

Error to Jackson; Parkinson, J. Submitted January 18, 1912. (Docket No. 153.) Decided May 31, 1912.

Seth M. Angle was convicted of publishing an advertisement prohibited by Act No. 237, Pub. Acts 1899. Remanded for trial.

*Nathan E. Bailey*, Prosecuting Attorney, and *M. Grove Hatch*, Assistant Prosecuting Attorney, for the people.

*John F. Henigan*, for appellant.

McALVAY, J. This case is brought to this court for review by writ of error to Jackson circuit court, upon exceptions before sentence, whereby respondent seeks to set aside a conviction against him for violation of a statute of this State entitled "An act to provide for the examination, regulation, licensing and registration of physicians and surgeons, and for the punishment of offenders against this act, and to repeal acts and parts of acts in conflict therewith." (Pub. Acts 1899, Act No. 237), and amendments thereto.

Upon the trial, it was admitted that respondent was a regular practicing physician, and licensed to practice medicine. It was not denied that he caused to be published the advertisement set up in the information, and claimed

to be within the prohibition of the statute, and within its definition of "unprofessional and dishonest conduct;" nor was the evidence of members of the medical profession disputed that the diseases mentioned in the advertisement were the diseases mentioned in the statute.

No witnesses were sworn or evidence introduced on the part of respondent. At the close of the people's case, respondent moved for a directed verdict of not guilty, on the ground of the unconstitutionality of the statute upon which the prosecution was brought, stating the reasons in detail. This motion was denied. Respondent thereupon, by his counsel, for the avowed purpose of having the questions passed upon by this court, asked the court to direct a verdict of guilty against him. The prosecutor then made a like request, for the same purpose. The court realizing, as the record shows, that such was not the usual and regular proceeding in a criminal case, "under the circumstances, and by the concurrent judgment of both counsel," for the reasons they had given, accommodated the respondent, and instructed the jury to return a verdict of guilty against him.

Following these proceedings, the bill of exceptions reads:

"It was understood, upon a conference between counsel for the parties and this court, that in directing a verdict the respondent should not waive any right to have the case reviewed upon all exceptions, except the court's directing the verdict, instead of having the jury retire."

In accordance with this understanding, respondent has assigned errors upon all his exceptions taken during the trial, including his exception to the refusal of the court to direct a verdict of not guilty. Both parties have filed briefs in which these errors assigned by respondent are discussed.

This record presents an unusual state of facts. No conviction has been had in accordance with the established rules of law and practice in the trials of criminal cases, whether felonies or misdemeanors. Counsel and the court did not understand that the motion made on behalf

of respondent to instruct a verdict of guilty against him was *bona fide* intended to be taken as a plea of guilty. Such an inference would contradict the plain meaning of the record made at the time. Otherwise an affirmance of the conviction would necessarily have followed, doubtless to the surprise of respondent. It is unnecessary to say that this court does not approve of the practice here undertaken by counsel and court, in order to be able to get questions before us for determination. The record clearly shows a mistrial. In contemplation of law, there has been no trial. 21 Enc. Pl. & Prac. p. 1007, and notes.

The cause is remanded to the circuit court, where a trial will be had.

MOORE, C. J., and STEERE, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.